IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ESTATE OF ALBERT P. SCHULTZ, BONNIE SCHULTZ, Representative,<br><br>   Plaintiff,<br><br>   -vs-<br><br>JOHN E. POTTER, Postmaster General, United States of America,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.  05-1169<br>)<br>)<br>)<br>)<br>) |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

Pending is a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) filed by Defendant, John E. Potter, Postmaster General, United States Postal Service. (Docket No. 5). A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the court to address the merits of the plaintiff's suit. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) attack may argue that the plaintiff's federal claim is immaterial and made solely for the purpose of obtaining federal jurisdiction, is insubstantial and frivolous or, alternatively, the attack may be directed at "the existence of subject matter jurisdiction in fact." *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In a Rule 12(b)(1) motion based on the existence of jurisdiction, no

1

presumption of truthfulness attaches to the allegations of the plaintiff (in contrast to the presumption applied under a Rule 12(b)(6) motion or a Rule 12(b)(1) motion based on immateriality). *Id.* The plaintiff bears the burden of persuading the court that it has jurisdiction as compared to the burden of the defendant under a Rule 12(b)(6) motion of convincing the court that the plaintiff has failed to state a claim. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991), *cert. denied*, 501 U.S. 1222 (1991). If I determine that this Court does not have subject matter jurisdiction over the case, I must dismiss the action. *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997).

### SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction. In fact, it is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Philadelphia Federation of Teachers v. Ridge,* 150 F.3d 319, 323 (3d Cir. 1998), *citing, Renne v. Geary*, 501 U.S. 312, 316 (1991) (internal quotations marks and citations omitted). Plaintiff initiated an action in this court on August 22, 2005, challenging a final order of the Merit Systems Protection Board ("MSPB") and raising issues of discrimination pursuant to the Rehabilitation Act, Title VII, and other statutes.[1] *See,* Complaint ¶¶5, 87. There is no dispute that employees "adversely affected or aggrieved by a final order or decision of the [MSPB] may obtain judicial review of the order or decision." 5 U.S.C. §7703(a)(1). Except in limited

---

[1] Plaintiff also protectively filed a Petition for Review with the United States Court of Appeals for the Federal Circuit on September 21, 2005. *See,* Plaintiff's Reply (Docket No. 12, p. 24); *see also,* Petition for Review (Docket No. 6, Attachment No. 2).

circumstances, "a petition to review a final order or final decision of the [MSPB] *shall* be filed in the United States Court of Appeals for the Federal Circuit."  5 U.S.C. §7703(b)(1) (emphasis added); 28 U.S.C. §1295(a)(9).  If, however, the case involves non-discrimination **and** discrimination claims, otherwise called "mixed-case appeals", the case may be filed in the district court.  5 U.S.C. §7703(b)(2).  In the instant motion, Defendant asserts that this Court lacks subject matter jurisdiction because Plaintiff settled his discrimination claims with Defendant, such that the only remaining claim (timeliness) is an appeal of a nondiscrimination issue for which the U.S. Court of Appeals for the Federal Circuit has exclusive jurisdiction.  *See,* Defendant's Motion to Dismiss, Brief in Support, and Response (Docket Nos. 5, 6 and 16).

While I make no comment at this time on the issue of timeliness upon which the MSPB decision turned, as it has not been presented to me at this juncture, I disagree with Defendant that Plaintiff is only appealing a nondiscrimination case. A review of the record reveals that Plaintiff alleged unsettled issues regarding his discrimination claims before the MSPB.  *See,* Settlement Agreement (Docket No. 6, Attachment No. 1 - setting forth remaining back pay damage and attorney fees issues); *see also,* Response On Timeliness Issue (Docket No. 12, Exhibit 8). Consequently, this is a mixed-case appeal.

Having determined that this is a mixed-case appeal, my sole determination is jurisdiction.  There is a split of authority on the issue of whether the district courts or the Federal Circuit has jurisdiction in mixed cases where the MSPB dismissed a case on procedural grounds only, such as timeliness, and did not reach the merits

of the case. *Compare, Ballentine v. MSPB,* 738 F.2d 1244, 1247 (Fed. Cir. 1984) ("[I]t is clear that the judicially reviewable action by the MSPB which makes an appeal a 'case of discrimination' under §7703(b)(2) that can be filed in district court is that the MSPB has decided 'both the issue of discrimination and the appealable action....'"); *with Downey v. Runyon,* 160 F.3d 139, 144 (2d Cir. 1998) (rejecting *Ballentine* and holding that employee could seek review in the district court despite the fact that the MSPB had dismissed his appeal because it was untimely and had not reached the merits of his discrimination claims); *and Harms v. IRS,* 321 F.3d 1001, 1008 (10th Cir. 2003) ("[W]hen the MSPB has jurisdiction over an appeal under §7702(a)(1) but dismisses the appeal on procedural grounds, the federal district court has jurisdiction to review *de novo* the decision to the MSPB.") The Court in *Downey* reasoned that there is no statutory basis for the holding that a judicially reviewable action is limited to decisions on the merits. 160 F.3d at 144-45. Rather, the statutory language of 5 U.S.C. §7703(b)(2) plainly states that "any employee...who...*alleges* that the basis for the action was discrimination" is an action involving discrimination, such that the Federal Circuit lacks jurisdiction. This rationale is persuasive to me. Consequently, I find that this Court has subject matter jurisdiction over the within matter.

     I recognize that this case has been pending for well over a decade. Thus, I find this decision promotes judicial economy and is in the interest of justice.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ESTATE OF ALBERT P. SCHULTZ, BONNIE SCHULTZ, Representative, | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) |
| | ) Civil Action No. 05-1169 |
| JOHN E. POTTER, Postmaster General, United States of America, | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

THEREFORE, this **1ˢᵗ** day of February, 2006, after consideration of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 5) and for the reasons set forth above, it is ORDERED that said Motion is denied.

A conference has already been set for February 6, 2006, at 10:00 a.m.. The conference will proceed as scheduled. Counsel in attendance shall have settlement authority and parties are to be available by telephone.

BY THE COURT:


/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge