IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE ESTATE OF ALBERT P. SCHULTZ, BONNIE SCHULTZ, REPRESENTATIVE, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No.05-1169 |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE | ) ) ) ) ) | |
| Defendant. | ) | |

AMBROSE, Chief District Judge

## MEMORANDUM ORDER OF COURT

The procedural history of this case is long and drawn out, originating over 16 years ago. As a result, the parties are well versed in the facts and I need not review them here. Suffice it to say that this case arises out of an alleged employment discrimination case. On April 13, 2007, I filed an Opinion and Order of Court on the parties cross motions for summary judgment. (Docket No. 52). Therein, I ordered that: 1) the value of fringe benefits was properly calculated by Defendant, except that Defendant was required to include health benefits in calculating the amount of back pay, 2) the termination date for the calculation of back pay was June 12, 1996, and 3) the Office of Workers Compensation Program ("OWCP") benefits are an offset and they were to be offset prior to calculating back pay interest. (Docket No. 52). At a subsequent conference, the parties agreed that there were no outstanding issues for this Court to rule upon. (Docket No. 55). As a result, I entered an order closing the case. (Docket No. 56).

Plaintiff filed a Notice of Appeal on June 11, 2007. (Docket No. 67). On July 22, 2008, the United States Court of Appeals for the Third Circuit entered a Judgment dismissing the case for lack of jurisdiction. (Docket No. 85). In a non-precedential opinion, the Third Circuit stated:

> We note from the briefs and from oral argument that appellant expresses its particular concern that the District Court did not establish a sum-certain value for health care benefits that it is due. Our lack of jurisdiction precludes us from reaching this issue, and we regard the determination of the precise value of such benefits to be squarely within the ambit and authority of the District Court.

*Estate of Schultz v. Potter,* No. 07-2752, *3 (3d Cir. July 22, 2008). As a result, the Third Circuit remands the cases to this Court for final disposition. *Id.*

Consistent with the non-precedential Opinion of the Third Circuit, I ordered the parties to file a brief that simply calculates and sets forth a sum-certain value for health care benefits and the total amount of back pay that is due to Plaintiff using the method set forth by this Court in its Opinion and Order of Court entered on April 13, 2007. (Docket No. 86). Both parties filed the same on August 1, 2008. (Docket Nos. 87 and 89).

Plaintiff, however, also filed a Motion for Clarification. (Docket No. 88). Therein, Plaintiff does not seek a clarification but rather requests that I consider arguments and evidence not previously submitted it its original Motion for Summary Judgment or its Reply. (*Compare,* Docket No. 88 with Docket Nos. 40 and 51). The time for making such argument and submitting such evidence has long past. In fact, at the conference on May 2, 2007 (after the order on summary judgment was entered and prior to the closing of the case), Plaintiff agreed that there were no outstanding issues. As a result, I reject this argument as untimely and decline to reconsider my order of April 13, 2007.

Furthermore, Plaintiff requests that I consider all of the arguments that it made to the Third Circuit and even desires to reopen discovery. (Docket No. 88, p. 6). To begin with, it is, quite frankly, beyond me how Plaintiff could even begin to request additional discovery when the case is over 16 years old. Additionally, the Third Circuit has not made any ruling that my order of April 13, 2007, is incorrect or should be vacated in any regard. *See, Estate of Schultz v. Potter,* No. 07-2752, *3 (3d Cir. July 22, 2008). Consequently, there is no reason to consider the arguments made

by Plaintiff in the briefs filed with the Third Circuit.  Therefore, Plaintiff's Motion for Clarification is denied.

Turning to the determination of a sum-certain value for health care benefits and the total amount of back pay that is due to Plaintiff, I find the method and figures set forth by Defendant for back pay and allowances ($47,246.69) plus interest ($52,315.73) and the retirement deduction ($198.23) are consistent with my Opinion and Order of Court entered on April 13, 2007. (Docket No. 87).  That figure totals $99,760.65.

As for the sum-certain value for health care benefits, Defendant suggests that the amount is that which Mr. Schultz would have contributed to his health care premiums for the time period from November 24, 2002 through June 12, 1996.  (Docket No. 87-3, p. 3, ¶4).  Plaintiff, on the other hand, argues that it is entitled to the amount that the Government Employer would have contributed to his health care benefit for the period of November 24, 1992 through October 31, 1995, and also for the period October 22, 1996 through May 20, 1997.  I agree with Plaintiff that it is entitled to the amount that the Government Employer would have contributed to his health care benefit, but I do not agree with Plaintiff regarding the time period that said amount was owed.  I find that it is owed for the back pay period only: November 24, 1992[1] through June 12, 1996.  Plaintiff concedes, however, that Mr. Schultz had health care coverage from November 1, 1995 through October 22, 1996, and that it is not entitled to be compensated for that period.  (Docket No. 89, p. 3).  Therefore, Plaintiff is entitled to the amount the Government Employer would have contributed to his health care benefit for the time period of November 24, 1992 through November 1, 1995, plus interest through April 27, 2007, the date of my previous order.  That figure totals $32,196.51.

---

[1]Plaintiff's Brief sets forth "February 24, 1992" as the beginning of the back pay period. (Docket No. 89, p. 3).  I believe this is a typographical error since the mathematical calculations provided by Plaintiff are based on a beginning date no earlier than November 21, 1992.  (*See,* Docket No. 89-8, Ex. G, pp. 9 and 11).  As a result, I have used the beginning date of November 24, 1992.

Consequently, I find the total amount of back pay, including health insurance, plus interest owed to Plaintiff is $131,957.16. Defendant has already paid Plaintiff $103,769.81. Thus, the remaining balance owed to Plaintiff is $28,187.35.

THEREFORE, this 16th day of September, 2008, It is so ordered.

BY THE COURT:


/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge