IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ESTATE OF ALBERT P. SCHULTZ,<br>BONNIE SCHULTZ, REPRESENTATIVE,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN E. POTTER, POSTMASTER<br>GENERAL, UNITED STATES POSTAL<br>SERVICE<br><br>Defendant. | Civil Action No.05-1169 |

AMBROSE, Chief District Judge

## MEMORANDUM ORDER OF COURT

Plaintiff has filed a Motion to Alter or Amend Judgment. (Docket No. 96). I presume Plaintiff's Motion to Alter or Amend Judgment is filed pursuant to Rule 59(e). A motion to alter or amend a judgment filed pursuant to Rule 59(e) may be granted on one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available ...; or (3) the need to correct a clear error of law or fact or to prevent injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). Plaintiff raises three main issues:

1) The court overlooked that Plaintiff submitted the evidence and made the arguments with her original Motion for Partial Summary Judgment;

2) Plaintiff's counsel respectfully disagrees that he agreed there were no outstanding issues, notwithstanding, the Third Circuit has recently ruled that such agreements during summary judgment cannot preclude a trial of the issues actually remaining; and

3) Benefits are payable for the "constructive suspension period" of February 24, 1992 to November 23, 1992.

(Docket No. 96). Based on the issues set forth above, I assume Plaintiff is proceeding under the second and/or third avenue for granting a Rule 59(e) motion. After a careful review of the same, Plaintiff's Motion (Docket No. 96) is granted in part and denied.

With regard to Plaintiff's first argument, I did not overlook arguments previously made. The arguments made by Plaintiff were considered and adequately addressed. The fact that I ultimately agreed with Defendants on the issues raised does not warrant reconsideration, altering or amending judgment. Moreover, the proper burden of proof was applied such that reconsideration, altering or amending judgment is not warranted on this ground. I do find, however, that according to 5 U.S.C. §5596(b)(2)(B)(i), interest on the award "shall be computed for the period beginning on the effective date of the withdrawal or reduction involved and ending on a date not more than 30 days before the date on which payment is made." Consequently, my order and the judgment dated September 16, 2008, are amended to reflect that the ending date for computation of interest for payment not yet made is not more than 30 days before the date on which payment is made.

With regard to Plaintiff's second argument, I note that there has been no intervening change in controlling law since the time that this court entered judgment. Moreover, a simple disagreement is insufficient to alter or amend the judgment. Therefore, Plaintiff's Motion is denied on this ground.

With regard to Plaintiff's third argument regarding benefits for the constructive suspension period of February 24, 1992 to November 23, 1992, Defendant correctly points out that it was previously decided that the back pay period was November 24, 1992, through June 12, 1996. (Docket No. 52, p ). At no time in her Partial Motion for Summary Judgment did Plaintiff ever specifically challenge as a main issue the commencement date of such period. *See,* Docket No. 40. In fact, when asked by this court to provide the appropriate calculations, Plaintiff did not include the period of February 24, 1992 to November 23, 1992, in her calculations. (See, Docket No. 89-8, Ex. G, pp. 9 and 11). It is only now, after I have entered judgment that Plaintiff comes forward and states that "[t]he calculation of benefits for the 'suspension period' were inadvertently not included with Plaintiff's August 1, 2008, submission." Consequently, I find that Plaintiff's Motion to Alter or Amend is not warranted on this ground.

THEREFORE, this 30th day of October, 2008, IT IS SO ORDERED.

                                                                  BY THE COURT:

                                                  /s/ Donetta W. Ambrose
                                                  Donetta W. Ambrose
                                                  Chief U.S. District Judge