IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ESTATE OF ALBERT P. SCHULTZ, ) <br> BONNIE SCHULTZ, REPRESENTATIVE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOHN E. POTTER, POSTMASTER ) <br> GENERAL, UNITED STATES POSTAL ) <br> SERVICE ) <br> ) <br> Defendant. ) | Civil Action No.05-1169 |

AMBROSE, District Judge

# **OPINION AND ORDER OF COURT**

## **OPINION**

### I.  **BACKGROUND**

On January 4, 2010, Plaintiff filed a Motion for Attorney's Fees, Expenses and Costs seeking reimbursement of $185,833.82. (Docket No. 115). Defendant filed an opposing brief to Plaintiff's Motion and Plaintiff filed a reply to Defendant's opposition. (Docket Nos. 117, 120). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, said Motion (Docket No. 115) is granted in part and denied in part.

After almost two decades of protracted and tortured judicial and administrative litigation, this case has come down to attorney's fees. To date, Defendant has already paid Plaintiff a total of $279,406.36 ($178,020.36 in back pay and interest and $101,386.00 in attorney's fees and costs). (Docket No. 117, pp. 5-6, ¶¶1-5). Plaintiff now seeks additional attorney's fees in the amount of $180,725.00[1] and costs and expenses in the amount of $5,108.82. (Docket No. 115, ¶¶ 46-49, 55,

---

[1]Plaintiff is requesting a rate of $250.00 an hour (Docket No. 115, ¶55) for a total of 722.9 hours worked (Docket No. 115, ¶¶46-49, 62).

62). According to Plaintiff, the fees, costs and expenses sought are "mainly for the enforcement proceedings commencing with the efforts of August 2, 2001, to recover ordered back pay, benefits, interest, and compensatory damages, plus for the enforcement efforts to secure attorney's fees, expenses and costs. In addition, Plaintiff seeks payment for 99.3 hours of work related to the merits of the removal issue. The parties had previously agreed that these hours related to the removal would be deferred, pending a determination of whether Plaintiff prevailed on the 'timeliness' issue." (Docket No. 116, pp. 7-8).

## II.     DISCUSSION

In employment discrimination cases, a district court has the discretion to award a reasonable attorney's fee to the prevailing party. 42 U.S.C. §2000e-5(k). Typically, a "prevailing party" is a party who "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Texas State Teachers Assn. V. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791-92 (1989). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties...." *Texas State,* 489 U.S. at 792. "Prevailing plaintiffs 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *E.E.O.C. v. L.B. Foster Company,* 123 F.3d 746, 750 (3d Cir. 1997). "[A]n unjust award is limited to where a victory is 'so insignificant ... as to be insufficient' to support an award of attorney's fees." *Hare v. Potter,* 549 F.Supp.2d 698, 706 (E.D.Pa. 2008), *quoting, Farrar v. Hobby*, 506 U.S. 103, 117 (1992) (O'Connor, J., concurring), *quoting Garland*, 489 U.S at 792.

Once a party is determined to be a prevailing party, courts use the lodestar formula which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 24, 433 (1983); *Loughran v. Univ. of Pittsburgh,* 260 F.3d 173, 176 (3d Cir. 2001). "A District Court has substantial discretion in determining what constitutes a

62). According to Plaintiff, the fees, costs and expenses sought are "mainly for the enforcement proceedings commencing with the efforts of August 2, 2001, to recover ordered back pay, benefits, interest, and compensatory damages, plus for the enforcement efforts to secure attorney's fees, expenses and costs. In addition, Plaintiff seeks payment for 99.3 hours of work related to the merits of the removal issue. The parties had previously agreed that these hours related to the removal would be deferred, pending a determination of whether Plaintiff prevailed on the 'timeliness' issue." (Docket No. 116, pp. 7-8).

## II.     DISCUSSION

In employment discrimination cases, a district court has the discretion to award a reasonable attorney's fee to the prevailing party. 42 U.S.C. §2000e-5(k). Typically, a "prevailing party" is a party who "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Texas State Teachers Assn. V. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791-92 (1989). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties...." *Texas State,* 489 U.S. at 792. "Prevailing plaintiffs 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *E.E.O.C. v. L.B. Foster Company,* 123 F.3d 746, 750 (3d Cir. 1997). "[A]n unjust award is limited to where a victory is 'so insignificant ... as to be insufficient' to support an award of attorney's fees." *Hare v. Potter,* 549 F.Supp.2d 698, 706 (E.D.Pa. 2008), *quoting, Farrar v. Hobby*, 506 U.S. 103, 117 (1992) (O'Connor, J., concurring), *quoting Garland*, 489 U.S at 792.

Once a party is determined to be a prevailing party, courts use the lodestar formula which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 24, 433 (1983); *Loughran v. Univ. of Pittsburgh,* 260 F.3d 173, 176 (3d Cir. 2001). "A District Court has substantial discretion in determining what constitutes a

reasonable rate and reasonable hours, but once the lodestar is determined, it is presumed to be the reasonable fee." *Lanni v. New Jersey,* 259 F.3d 146, 148 (3d Cir. 2001). Thereafter, a district court may adjust the fee for a variety of reasons, the most important factor being the "results obtained" by the plaintiff. *Public Interest Research Group of New Jersey, Inc. v. Windall,* 51 F.3d 1179, 1185 (3d Cir. 1995). "Where a plaintiff has achieved only partial or limited success, a district court may adjust the fee downward. It may do so 'even where the plaintiff's claims were interrelated, nonfrivoulous, and raised in good faith.'" *Spencer v. Wal-Mart Stores, Inc.,* 469 F.3d 311, 319 (3d Cir. 2006)(upholding a reduction in attorney's fees by 75%), *citing, Hensley,* 461 U.S. at 434-36.

> A party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable. *See Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir.1990). To initially satisfy this burden, 'the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.' " *Id. (quoting Hensley*, 461 U.S. at 433, 103 S.Ct. 1933). If it wishes to challenge the fee award, the opposing party must then object "with sufficient specificity" to the request. *Id.* Once the opposing party has objected, the party requesting fees must demonstrate to the satisfaction of the court that its fee request is reasonable. In reviewing a fee application, a district court must conduct "a thorough and searching analysis. " *Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir.2001).

*Interfaith Community Organization v. Honeywell Intern., Inc.,* 426 F.3d 694, 703 (3d Cir. 2005).

### A.    Prevailing Party Status

In this case, Plaintiff requests attorney's fees, costs and expenses based on the assertion that he was the "prevailing party." (Docket No. 115, ¶1). Defendant suggests that Plaintiff is not the prevailing party because Plaintiff did not "succeed on any significant issue" presented in the district court litigation. (Docket No. 117, p. 8). Specifically, Defendant correctly points out that Plaintiff prevailed in the district court on only a subsection of one of the issues raised. While I agree with Defendant that the issue which Plaintiff prevailed on was an extremely minor issue (as evidenced by Plaintiff in his brief Docket No. 40, pp. 3-6), Plaintiff did prevail and was awarded

$28,187.35. (Docket No. 117, p. 6). In addition to the initial award on the merits at the administrative level, this award alters the legal relationship between the parties. Thus, I find that Plaintiff is a prevailing party.

Defendant attempts to suggest that this is flawed because such a finding "fails to consider the dilatory tactics and unreasonable negotiating position of Plaintiff that he prevented the postal Service from paying him for many years," such as excessive administrative challenges, failing to settle the claim, adhering to invalid interpretations of the Back Pay Act that were eventually rejected by this court, prolonging and complicating litigation. (Docket No. 117, p. 11-12). I believe these matters pointed out by Defendant are more appropriately addressed in the application of lodestar and not the prevailing party status.

### B. Reasonable Hourly Rates

First, I must determine what constitutes a "reasonable market rate for the essential character and complexity of the legal services rendered...." *Lanni,* 259 F.3d at 149, *citing, Smith v. Philadelphia Hous. Auth.,* 107 F.3d 223, 225 (3d Cir. 1997). I do this by "assessing the experience and skill of the prevailing party's attorney and compare his rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Loughner v. Univ. of Pittsburgh,* 260 F.3d 173, 180 (3d Cir. 2001). The starting point is the hourly rate usually charged by the attorney, but this is not dispositive. *Public Interest,* 51 F.3d at 1185. Plaintiff bears the burden of establishing the reasonable current[2] market rate. *Id.; Evans v. Port Auth. of New York and New Jersey,* 273 F.3d 346, 361 (3d Cir. 2001). Where the *prima facie* burden has not been satisfied, the court has considerable discretion in determining a reasonable hourly rate. *Washington v. Philadelphia County Court of Common Pleas,* 89 F.3d 1031,

---

[2]"When attorney's fees are awarded, the current market rate must be used. The current market rate is the rate at the time of the fee petition, not the rate at the time the services were performed." *Lanni,* 259 F.3d at 149 (citations omitted).

1036 (3d Cir. 1996). "Once the plaintiff has made the *prima facie* showing with respect to the appropriate hourly rate, [however], that rate may be contested, 'but only with appropriate record evidence. In the absence of such evidence, the plaintiff must be awarded attorneys' fees at her requested rate.'" *Id, citing, Smith v. Philadelphia Housing Auth.,* 107 F.3d 223, 225 (3d Cir. 1997).

Plaintiff urges a reimbursement rate of $250 per hour, suggesting in an affidavit that this hourly rate is reasonable based on cases in Florida and Pennsylvania and his experience as an attorney of 32 years. (Docket No. 115, ¶55; Docket No. 115-4, ¶¶3-6). Defendant does not object to the reimbursement rate requested by Plaintiff (*see,* Docket No. 117) and I find the rate of $250 an hour to be reasonable.

      **C.**      <u>**Hours Reasonably Expended**</u>

The next step in the analysis is to determine the hours reasonably expended. *Hensley,* 461 U.S. at 433. As to those issues raised by the party opposing the fee request, a "court must be careful to exclude from counsel's fee request 'hours that are excessive, redundant or otherwise unnecessary....'" *Holmes v. Millcreek Township School Dist.,* 205 F.3d 583, 595 (3d Cir. 2000), *quoting, Hensley,* 461 U.S. at 434. To be appropriately awarded, attorneys' fees must be "'useful and of the type ordinarily necessary' to secure the final result obtained from the litigation." *Planned Parenthood of Central New Jersey v. The Attorney General of the State of New Jersey,* 297 F.3d 253 (3d Cir. 2002), *quoting, Pennsylvania v. Del. Valley Citizens' Council,* 478 U.S. 546, 561 (1986); *Loughner,* 260 F.3d at 178. Hours that generally would not be billed to one's own client are not properly billed to an adversary. *Public Interest,* 51 F.3d at 1188. "Where an opposing party lodges a sufficiently specific objection to an aspect of a fee award, the burden is on the party requesting the fees to justify the size of its award. In determining whether the moving party has met its burden, we have stressed that 'it is necessary that the [District] Court 'go line, by line, by line' through the billing records supporting the fee request.'" *Interfaith Community Organization v.*

5

*Honeywell Intern., Inc.*, 426 F.3d 694, 713 (3d Cir. 2005), *quoting, Evans*, 273 F.3d at 362.

Plaintiff requests compensation for a total of 722.9 hours. (Docket No. 115, ¶¶ 46-49, 55, 62). Plaintiff cites to the following documents in support of this request: Docket No. 27, Attachment 4, Docket No. 61, Ex. 1 (as updated in Docket No. 101-2[3]), and Docket No. 115, Ex. 3. (Docket No. 115, ¶45). Defendant first objects to the unreasonableness of all requests and then makes specific objections. (Docket No. 117, pp. 18-21). I will deal with each separately.

        1.    <u>99.3 hours for MSPB work performed back to 1992 related to "removal issue"</u>

In addition to the unreasonableness objection, Defendant specifically argues, with regard to Plaintiff's claim for 99.3 hours for work performed before the MSPB dating back to 1992, that Plaintiff does not identify or establish that the particular work was related to the issues before this court (back pay and enforcement as it relates to removal issue only).[4] Interestingly, Defendant points out that the Petition for Enforcement was not filed at the administrative level until October 31, 2001 (Docket No. 117, p. 18, citing to Ex. B) and the back pay order was not issued by the MSPB until 1996. (Docket No. 117, p. 18). Thus, Defendant argues that the entire amount should not be permitted.

In response, Plaintiff very generically states in his brief that "work on this issue was performed generally during the period of October 26, 1992, through February 15, 1998, except for work on brief, which extended beyond that date." (Docket No. 115, p. 16, ¶47). Plaintiff argues that the 99.3 hours is for work related to the merit of the removal issue and that the parties agreed that the hours related to the removal issue would be deferred pending the resolution of the timeliness issue. (Docket No. 115, p. 16, ¶47 and Docket No. 116, p. 8). Plaintiff argues that the

---

[3] I believe Plaintiff is referring to Docket No. 101-1.

[4] Plaintiff's counsel was previously awarded and received counsel fees and costs in the amount of $101,386.00 for all issues except those brought to this court. (Docket No 115, ¶22)

6

"timeliness issue" was resolved in his favor when Defendant conceded the timeliness issue in this court. (Docket No. 116, p. 8). Defendant did concede the timeliness issue. (Docket No. 27, p. 5). Thus, Plaintiff is entitled to fees for this work.

A review of the time sheet[5] reveals that Plaintiff billed a total of 8.7 (4.7 and 4.0) for travel time to and from Pittsburgh to review records on January 20, 1994 and January 23, 1994. (Docket No. 61-1, p. 11). "[U]nder normal circumstances, a party that hires counsel from outside the forum of the litigation may not be compensated for travel time, travel costs, or the costs of local counsel. However, where forum counsel are unwilling to represent the plaintiff, such costs are compensable." *Interfaith Community Organization v. Honeywell Intern., Inc.,* 426 F.3d 694, 710 (3d Cir. 2005). In his Motion, Plaintiff's counsel states that "[t]his case was an undesirable case to assume representation in and attorneys in Pittsburgh were not interested in taking the case because it involved litigation with the government." (Docket No. 115, ¶57). While Plaintiff's counsel filed two separate affidavits in connection with the instant Motion for Attorneys Fees and Costs, he did not make any representation regarding this statement,[6] nor did he provide any documentation evidencing his efforts to obtain an attorney in this area. Moreover, I note that there are multiple cases filed in this court brought by local counsel against the government. Consequently, I find that Plaintiff has failed to meet his burden of showing that there were counsel

---

[5]A review of the 99.3 hours sought for this work by Plaintiff is set forth in Plaintiff's Affidavit in connection with his original Motion for Attorney Fees (Docket No. 61-1, pp. 11-12), but is not set forth in the exhibits for the pending Motion for Attorney Fees. (Docket No. 101-1; Docket No. 115-3). I am not sure I understand what Docket No. 120-8 is for other than for MSPB work dating back to 1992, but it does not correspond at all with the hours sought in Docket No. 61-1 which appears to total 99.3 hours. As a result, I will work from Docket No. 61-1, p. 11-12.

[6]Plaintiff does state that "[a]ttorneys avoid getting involved in cases like this because of the devastating effects that they have on you personally and on your practice." (Docket No. 121, ¶4). The context of this statement was not made in support of an attempt to show that attorneys in Pittsburgh would not accept this case. *Id.* Furthermore, the statement is a general statement about these types of cases from Plaintiff's counsel's perspective, not a specific statement about how Plaintiff attempted to find counsel in Pittsburgh. To that end, I do not give said statement any weight as it relates to this argument.

from within the forum unwilling to represent Plaintiff in this case.  Therefore, travel time of 8.7 hours shall not be permitted.

In addition, I find the block billing of 52.0 hours for "various dates" for the "amount of time on briefs, petitions-large items allocated to removal - of 208 total hours" to be vague and I find that it fails to specifically identify and break out the subject matter and the task undertaken.  (Docket No. 61-1, p. 12).  Thus, I find the entry to be so vague as to defy any meaningful assessment of whether the hours were reasonably expended.  Therefore, 52.0 hours shall be disallowed.

I will not, however, disallow the remaining hours.  Consequently, a total of 60.7 hours will not be allowed.

      2.      <u>192.7 hours for work performed before the MSPB and made payable pursuant to a May 12, 2004, settlement agreement</u>

Plaintiff requests reimbursement for 192.7 hours for work performed before the MSPB for enforcement proceedings (August 2, 2001-March 17, 2005) and made payable pursuant to a May 12, 2004, settlement agreement.  (Docket No. 115, ¶ 46, 62).  First, Defendant argues that it "never agreed to pay any amount of attorney fees or costs for the issues resolved by this Court." *Id.*  The agreement provides as follows:

> The parties have resolved all attorney's fees and costs issues the subject of the petition for enforcement, except for those attorney work hours and costs related to the removal issue and payment of back pay after November 23, 1992, and for work on these enforcement proceeding.
>
>          \*        \*        \*
>
> The parties have not reached agreement as to attorney fees and costs that could be payable for litigation related to the removal but have identified in Exhibit 1...those hours which may be subject to being paid.

(Docket No. 117-15, Ex. O, p. 4).  Based on the same, I find there was no meeting of the mind as to attorney fees for work performed before the MSPB.  The agreement did not resolve the attorney fees issue. Thus, I will continue further to consider the attorney fees requested.

Defendant objects to these 192.7 hours because Plaintiff failed to "segregate time spent on enforcement issues from time spent on the numerous other frivolous issues that were pursued" during that time. (Docket No. 117, p. 19). I note that Plaintiff's time sheet appears to have a column that is dedicated specifically to "MSPB Hours Payable Pursuant to May 12, 2004 Settlement Agreement - Amount To Be Determined By Agreement Or Enforcement Action." (Docket No. 120-1). That is the column that totals 192.7 hours. Therefore, I decline to disallow any time on this basis.

With that said, however, I go back to Defendant's overarching objection of unreasonableness of the fees requested. To that end, I find that Plaintiff's counsel has spent time on tasks that are easily delegable to non-professional assistants due to their clerical nature, *i.e.* review matter, prepare fax, prepare certificates of service, locate document, identify document, compile documents, prepare notice of filing, and prepare exhibits and notice). Requesting attorney fees for secretarial or paralegal functions will not be permitted. The exhibit reveals a total of 23.6 hours for delegable tasks (on the following dates: 4/30/02, 6/11/02/6/17/02, 7/27/0210/16/02, 10/22/02, 10/26/02, 10/28/02, 1/21/03, 1/27/03, 4/22/03, 8/26/03, 9/30/03, 10/1/03[7], 10/22/03, 3/27/04, and 6/28/04).[8] (Docket No. 120-1). As a result, 23.6 hours for delegable tasks are disallowed.

Also, as noted above, travel time will not be permitted. The exhibit reveals a total of 38.9 hours for travel time (on the following dates 10/10/02, 10/11/02, 10/1/03, 10/3/03, and 4/6/04).[9]

---

[7]The time on this date for delegable tasks has been block billed with travel time, which is disallowed, *see infra,* so I will not deduct this time again.

[8]I realize that some of these entries include both delegable and non-delegable tasks. Plaintiff, however, block billed for those matters and there is no way for me to segregate out the other services performed. It is Plaintiff's burden to justify his fee request. As a result, I am disallowing the entire amount billed for that block entry.

[9]I realize that some of the travel time on those dates includes time for matters that are non-travel. Plaintiff, however, block billed for those entries and there is no way for me to segregate out

(Docket No. 120-1). As a result, 38.9 hours for travel are disallowed.

### 3. 78.3 hours for timeliness issue at the MSPB level

Plaintiff additionally requests reimbursement for 78.3 hours for work performed before the MSPB on the "timeliness issue." (Docket No. 115, ¶ 48, 62). Plaintiff points out that Defendant conceded this issue and therefore he should be compensated for all time spent pursuing that issue. Defendant suggests that it conceded the issue early on in this court in an effort to simplify the issues and resolve them at mediation. (Docket No. 117, p. 20). Based on this, the discretionary nature of attorneys fees, and the fact that Plaintiff has already received $101,386.00 in attorney fees and costs, Defendant requests that I disallow some or all of this time. I can understand the desire to settle this "interminable case." (Docket No. 114-1, p. 13). This argument, however, is better left for consideration under the adjustment of the lodestar discussion. Therefore, I decline to disallow any of the 78.3 hours based on this argument at this juncture of the analysis.

With that said, however, I go back to Defendant's overarching objection of unreasonableness of the fees requested again. To that end, I find that Plaintiff's counsel has spent time on tasks that are easily delegable to non-professional assistants due to their clerical nature, *i.e.* prepare notice of filing, fax/prepare fax. Requesting attorney fees for secretarial or paralegal functions will not be permitted. The exhibit reveals a total of 6.6 hours for delegable tasks (on the following dates: 2/18/04, 6/25/04, and 9/23/04).[10] (Docket No. 120-1). As a result, 6.6 hours for delegable tasks are disallowed.

---

the travel time from the other services performed. A plaintiff block bills at his own peril. As a result, I am disallowing the entire amount billed for those block entries.

[10]I realize that some of these entries include both delegable and non-delegable tasks. Plaintiff, however, block billed for those matters and there is no way for me to segregate the other services performed. It is Plaintiff's burden to justify his fee request. As a result, I am disallowing the entire amount billed for that block entry.

      4.      270.4 hours before this Court[11]

Finally, Defendant argues that the hours of attorney time spent before this court should be substantially reduced because Plaintiff prevailed on the very narrow issue of health benefits: "The overwhelming majority of Plaintiff's stated billable hours - from the drafting of the Complaint to the time spent preparing motions resulted in unfavorable rulings from this Court that were affirmed by the Third Circuit." (Docket No. 117, p. 20). This argument, however, is better left for consideration under the adjustment of the lodestar discussion. Therefore, I decline to disallow any of these hours based on this argument at this juncture of the analysis.

With that said, however, I go back to Defendant's overarching objection of unreasonableness of the fees requested again. To that end, I find that Plaintiff's counsel has spent time on tasks that are easily delegable to non-professional assistants due to their clerical nature, *i.e.* prepare summons and cover sheet, prepare proof of service, file documents, file, mail documents. Requesting attorney fees for secretarial or paralegal functions will not be permitted. The exhibit reveals a total of 9.9 hours for delegable tasks (on the following dates: 8/16/05, 9/24/05, 2/26/06, 3/14/06, 6/6/06).[12] (Docket No. 120-1). As a result, 9.9 hours for delegable tasks are disallowed.

Additionally, based on Defendant's unreasonable/excessive objection, I find Plaintiff's request for reimbursement related to his attorney's fees motions to be unreasonable and

---

[11] On Plaintiff's Motion and Exhibits (Docket Nos. 120-1, 115, 101-1 and 61-1), Plaintiff requests reimbursement for hours in this court for varying total amounts: 270.4, 325.4, 352.6. Defendant's Brief only references 270.4 hours.

[12] I realize that some of these entries include both delegable and non-delegable tasks. Plaintiff, however, block billed for those matters and there is no way for me to segregate the other services performed. It is Plaintiff's burden to justify his fee request. As a result, I am disallowing the entire amount billed for that block entry.

excessive. Plaintiff billed three separate times for preparation of attorneys fees motions.[13] (Docket No. 101-1, p. 8 and Docket No. 115-3; *see also,* Docket No. 115, ¶51). While the first time billing for this motion is appropriate and minor time for updating is also not unreasonable, I find that triple billing for almost the exact same motion is unreasonable and excessive.  For example, Plaintiff originally billed a total of 8.4 hours for preparation of the original motion and related documents. (Docket No. 101-1, p. 8).  For the second motion, Plaintiff billed an additional 16.5 hours (almost double the time for only minor further work performed). *Id.*  Then, for the third motion filed Plaintiff billed an additional 27.2 hours (over triple the amount of time as the original motion for only minor further work performed).  (Docket No. 115-3).  12.8 of the hours worked on the third motion were for the delegable task of preparing the MSPB record for filing and, thus, are not compensable as set forth above. *Id.*  Therefore, 12.8 hours will be disallowed.

Moreover, I find that 2.0 hours is more than adequate time to update a previously filed motion for attorneys fees and costs.  Plaintiff updated and refiled the motion twice, so I will permit 4.0 hours.  The remaining 26.6 hours are disallowed.

Also, as noted above, travel time will not be permitted.  The exhibit reveals a total of 29.0 hours for travel time (on the following dates 2/5/06, 2/7/06, 8/30/06, 9/1/06, 94/06, 9/6/06, and 5/2/07).[14]  (Docket No. 120-1).  As a result, 29.0 hours for travel are disallowed.

Accordingly, 514.8 hours will be permitted (722.9 hours requested - 208.1 hours disallowed) at the hourly rate of $250.00 for a lodestar of $128,700.00.

---

[13] The first two Motions for Attorneys Fees and Costs were denied, without prejudice, as premature.

[14] I realize that some of the travel time on those dates include time for matters that are non-travel.  Plaintiff, however, block billed for those entries and there is no way for me to segregate the travel time from the other services performed.  A plaintiff block bills at his own peril.  As a result, I am disallowing the entire amount billed for those block entries.

D.     **Adjustment to the Lodestar**

Having determined the basic lodestar amount does not end my inquiry. *Hensley,* 461 U.S. at 434. I may adjust the lodestar upward or downward based on a variety of reasons. "[T]he most critical factor is the degree of success obtained." *Id.* at 436; *Public Interest Research Group of N.J.,* 51 F.3d at 1185; *Spencer v. Wal-Mart Stores, Inc.,* 469 F.3d 311, 319 (3d Cir. 2006)(upholding a reduction in attorney's fees by 75%). "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37.

In this case, Defendants request an adjustment to the lodestar because Plaintiff enjoyed only very limited success and the unsuccessful claims consumed an inordinate amount of time. I agree. The entirety of this case has been long and tortured. It is this Court's view that at every juncture Plaintiff's counsel has barraged this court with repeated and unnecessarily excessive filings. Even the Third Circuit has recognized that this has been an "interminable case" that "has already overworked the judiciary." (Docket No. 114-1, pp. 9, 13). Plaintiff's arguments were often unfocused and, most times, confusing.

As framed by Plaintiff, there were only three issues before this court.[15] (Docket No. 40, p. 3). Plaintiff only succeed on one of four determinations made under his first issue: the addition of health benefits to his back pay award. Thus, on straight percentages Plaintiff prevailed in this court on only 8.33% of his issues. Defendant suggests that if I am inclined to grant attorney fees and costs, 22% is reasonable. He arrives at that percentage based on the dollar figure recovered by Plaintiff. (Docket No. 117, p. 15). I believe that acombination of the two methods is most

---

[15]The three issues were as follows: 1) Is the value of fringe benefits payable? If so, what is the monetary value of fringe benefits payable?; 2) On what date do back pay and benefits terminate?; and  3) If and when should workers compensation benefits offset back pay in the interest computation under the Back Pay Act?  (Docket No. 40, p. 3).

appropriate. Consequently, I find that a reduction of 85% (22+8.33÷2) is appropriate. Thus, the downwardly adjusted lodestar for attorney fees is $19,305.00 ($128,700 x 15%).

### E. Costs and Expenses

Plaintiff seeks reimbursement of costs in the amount of $5,108.82 from 2001 to the present. (Docket No. 61-1, p. 13). Defendant has raised several specific objections to the costs claimed and objects overall to the general nature of the expenses alleged. (Docket No. 117, pp. 16-18). Plaintiff has not responded to any of the objections to costs in any of his voluminous written material submitted to the court. *See,* Docket Nos. 115, 116, 117, 120 and 121. I will deal with each of Defendant's objection separately.

#### 1. Travel expense for settlement negotiations

Defendant acknowledges that the settlement negotiations were regarding the appropriate amount of back pay, but objects to the claims for reimbursement for trips to Eagan, Minnesota (10/2003) and Philadelphia, Pennsylvania (4/2004) because the trips were taken before the Complaint was filed in this case. Defendant does not supply any case law to support this proposition. Plaintiff does not address or attempt to justify or explain this expense in any of his written material. *See,* Docket Nos. 115, 116, 117, 120 and 121. The Supreme Court has permitted the recovery of fees incurred during pre-litigation administrative proceedings in Title VII cases. *N.Y. Gaslight Club, Inc. V. Cary,* 447 U.S. 54, 61 (1980). These settlement negotiations related directly to the issues in this case. Thus, I find that these expenses are recoverable.

#### 2. Court filing fees

Plaintiff requests filing fees for this court in the amount of $150 on 8/20/01 paid to a U.S. District Court. According to Defendant, this fee was incurred "as a result of a previous district court action which was dismissed after both parties filed a joint motion." (Docket No. 117, p. 17). I am unable to discern why this is a recoverable expense. Consequently, this amount of $150 will not

be allowed.

Additionally, Plaintiff requests a filing fee of $250 paid to the United States Court of Appeals for the Federal Circuit on 9/21/05.  The Federal Circuit action which sought the same recovery as the instant action was dismissed once this court retained jurisdiction.  *See, Schultz v. MSPB,* Case No. 05-3365 (Fed. Cir. 2005).  Plaintiff cannot recover filing fees for both this court and the Federal Circuit.  Therefore, the $250 filing fee on 9/21/05 will not be allowed.

### 3. Copying fees to obtain record below

Defendant objects to the Plaintiff's request for reimbursement of $1,424.21 to obtain a copy of the Merit Selection Protection Board ("MSPB") record in this case based on three reasons: 1) the enormity of the record was created by Plaintiff's "numerous filings...and his insistence on pursuing issues;" 2) the limited issues before this court required only small portions for the record to be reviewed and analyzed; and 3) "Plaintiff already had all of the sections of the MSPB record that were necessary to pursue his back pay claim "   (Docket No. 117, p. 17).     Again, Plaintiff does not respond.

To begin with, the documentation supporting the copying fee breaks the $1,424.21 fee into three components: 1) $1,244.97 for the copying of 8,586 pages at 14.5 cents each; 2) $115 for 46 acco bindings at 2.50 each; and 3) $64.24 - a FedEx charge for sending the document.  (Docket No. 61-1, p. 42).  First, I agree with Defendant that this bill is excessive given the limited nature of the proceeding in the court.  Unfortunately for Plaintiff, however, he does not break down which documents were necessary for this appeal and why he did not already have a copy of the same since he was counsel during the administrative proceedings.  Plaintiff does not explain why he needed the record to be bound, nor does Plaintiff explain why he needed to have the copied records sent by FedEx.  As a result, I find that the entirety of the copying fee, $1,424.21 should be excluded because it was unnecessary and/or unreasonable.

15

4. Travel expenses

Plaintiff seeks reimbursement for travel expense to and from Pittsburgh, Pennsylvania to attend conferences on February 6, 2006 ($407.95), September 5, 2006 ($459.07), and May 2, 2007 ($364.82).[16] (Docket No. 61-1, p. 13). Defendant objects to these charges (Docket No. 117, pp. 17-18). "[U]nder normal circumstances, a party that hires counsel from outside the forum of the litigation may not be compensated for travel time, travel costs, or the costs of local counsel. However, where forum counsel are unwilling to represent the plaintiff, such costs are compensable." *Interfaith Community Organization v. Honeywell Intern., Inc.,* 426 F.3d 694, 710 (3d Cir. 2005). In his Motion, Plaintiff's counsel states that "[t]his case was an undesirable case to assume representation in and attorneys in Pittsburgh were not interested in taking the case because it involved litigation with the government." (Docket No. 115, ¶57). While Plaintiff's counsel filed two separate affidavits in connection with the instant Motion for Attorneys Fees and Costs, he did not make any representation regarding this statement,[17] nor did he provide any documentation evidencing his efforts to obtain an attorney in this area. Moreover, I note that there are multiple cases filed in this court brought by local counsel against the government. Consequently, I find that Plaintiff has failed to meet his burden of showing that there were counsel from within the forum unwilling to represent Plaintiff in this case. Therefore, costs in the amount of $1,231.84 will be excluded.

---

[16]Defendant objects to all conferences and specifically references in parentheses two of the three conferences. (Docket No. 117, p. 17). I read this to be examples of the conferences and not an exhaustive list.

[17]Plaintiff does state that "[a]ttorneys avoid getting involved in cases like this because of the devastating effects that they have on you personally and on your practice." (Docket No. 121, ¶4). The context of this statement was not made in support of an attempt to show that attorneys in Pittsburgh would not accept this case. *Id.* Furthermore, the statement is a general statement about these types of cases from Plaintiff's counsel's perspective, not a specific statement about how Plaintiff attempted to find counsel in Pittsburgh. To that end, I do not give said statement any weight as it relates to this argument.

Accordingly, a total of $3056.05 in costs and expenses are not permitted.

     5.    <u>Adjusted costs and expenses</u>

As with the attorneys fees, Defendant requests that I also adjust the costs. (Docket No. 117, p. 13-16). I agree that is reasonable, in light of the extremely limited success in this case, to reduce costs by the same percentage as the attorney fees. As a result, Plaintiff's allowable costs and expenses in the amount of $2,052.77 ($5,108.82-$3,056.05) will be reduced by 85% for a recoverable amount for costs and expenses totaling $307.92.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ESTATE OF ALBERT P. SCHULTZ, )<br>BONNIE SCHULTZ, REPRESENTATIVE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JOHN E. POTTER, POSTMASTER )<br>GENERAL, UNITED STATES POSTAL )<br>SERVICE )<br>)<br>Defendant. ) | Civil Action No.05-1169 |

AMBROSE, District Judge

## ORDER OF COURT

AND NOW, this 5th day of March, 2010, Plaintiff's Motion for Attorney Fees, Expenses and Costs (Docket No. 97) is granted in part and denied in part as follows:

1. Plaintiff is awarded attorney fees in the amount of $19,305.00 and costs and expenses in the amount of $307.92; and

2. All other fees and costs and expenses are denied.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. District Judge