IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ESTATE OF ALBERT P. SCHULTZ, BONNIE SCHULTZ, REPRESENTATIVE, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Action No.05-1169 ) |
| JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE | ) ) ) ) ) |
| Defendant. | ) |

AMBROSE, District Judge

# **MEMORANDUM ORDER OF COURT**

**I.    Introduction**

After almost two decades of protracted and tortured judicial and administrative litigation, this case still has not come to an end. Plaintiff continues, unabated, to file voluminous motions. Most recently, Plaintiff has filed the following three motions: 1) Motion for Reconsideration, and to Alter or Amend Judgment Under Rule 59(e), Supplemental Statement of Facts and Discussion (Docket No. 125); 2) Protective Motion to Remand Attorney's Fees and Costs for United States Merit Systems Protection Board (MSPB) Level Work Back to the MSPB (Docket No. 127); and 3) Motion to Enforce Orders (Docket No. 131). I note that Plaintiff's counsel has disregarded my Chambers' Rule in filing a supporting brief that exceeds 20 pages by almost double and filing supplemental papers and a reply brief without leave of court. *See,* Chambers' Rule  II.B. Plaintiff's counsel is well aware of my Chambers' Rules at this point, so needless to say I am dismayed at Plaintiff's counsel for failing to file in accordance with them. I am not striking the filings at this time, however, because I believe this case should finally conclude. The briefing on the Motions is complete and

I will rule upon the same.

II.     **Motion to Reconsider and to Alter or Amend Judgment (Docket No. 125)**

Plaintiff requests that I reconsider my Opinion and Order granting in part and denying in part his Motion for Attorney Fees to correct clear error of law and fact and to prevent "injustice." (Docket No. 124). Motions for reconsideration are to be granted sparingly. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration will be granted where: (1) new evidence becomes available; (2) there has been an intervening change in controlling law; or (3) there is a need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Plaintiff attaches to the third situation. Notably, Plaintiff does not state that "manifest injustice" has occurred but, rather, states that "injustice" will occur. "Manifest injustice" is the standard and I do not find any error, let alone, an error that would rise to the level of "manifest injustice."

More specifically, Plaintiff's Motion only challenges rulings left to the discretion of this Court. (Docket No. 125). This in no way implicates a "manifest injustice." Plaintiff's Motion is nothing more than an attempt to get a second bite at the apple to collect additional attorney fees. Contrary to Plaintiff's assertions, I have not overlooked any issues raised, but rather I took a painstakingly long review of the arguments and documents filed in support of Plaintiff's Motion and the issues raised therein. Plaintiff has failed to demonstrate a clear legal or factual error or manifest injustice warranting another review. Based on the same, I decline to reconsider my previous ruling. Consequently, Plaintiff's Motion to Reconsider and to Alter or Amend Judgment (Docket No. 125) is denied.

III.    **Motion to Remand (Docket No. 127)**

Plaintiff requests that I "remand the matter of attorney's fees and costs for work performed

before them, back to the United States Merit Systems Board for adjudication in the first instance, if it disputed that Plaintiff fully prevailed on the issues for which fees are sought at the MSPB level, or if it is disputed that no reduction for those fees is warranted for work at the MSPB level...." (Docket No. 127, p. 1). I decline to do so. Plaintiff sought, no less than 5 times, for this Court to review and issue an opinion regarding attorneys' fees and costs. At the appropriate time, I undertook that arduous task. Therein, I sufficiently determined all issues related to attorney fees and costs relevant to this case - even those issues stemming from work conducted before the MSPB. Therefore, there is no basis or reason to remand this case to the MSPB. Thus, remand is not warranted. Consequently, Plaintiff's Motion (Docket No. 127) is denied.

## IV.     Motion to Enforce (Docket No. 131)

In this Motion, Plaintiff requests that I "[o]rder Defendant to comply [with] the MSPB Orders referred to below, as reinforced by this Court's Order (Doc. 52), and pay makeup deposits for the automatic 1% TSP contributions to the U.S. Federal Retirement Thrift Investment Board, and request he TSP Board to calculate breakage under 5 C.F.R. Sec. 1605.2 for the automatic 1% TSP constitution...." (Docket No. 131, p. 1). Issues involving back pay, including TSP contributions, were raised by Plaintiff and ruled upon by this Court. (Docket No. 52, pp. 5-7; Docket No. 93). Calculations regarding the sum-certain value for the "total amount of back pay" were made and ordered. (Docket Nos. 87, 89, and 93). Thus, the Motion to Enforce said deposits is not warranted. Therefore, said Motion to Enforce (Docket No. 131) is denied.

THEREFORE, this 17th day of May, 2010, it is ordered as follows:

1. Plaintiff's Motion for Reconsideration, and to Alter or Amend Judgment Under Rule 59(e), Supplemental Statement of Facts and Discussion (Docket No. 125) is denied;

2. Plaintiff's Protective Motion to Remand Attorney's Fees and Costs for United States Merit Systems Protection Board (MSPB) Level Work Back to the MSPB (Docket No. 127) is denied; and

3. Plaintiff's Motion to Enforce Orders (Docket No. 131) is denied.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States District Judge