IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ESTATE OF ALBERT P. SCHULTZ, BONNIE SCHULTZ, REPRESENTATIVE, <br><br>  Plaintiff, <br><br> vs. <br><br> JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE <br><br>  Defendant. | Civil Action No. 05-1169 |

AMBROSE, District Judge

# **MEMORANDUM ORDER OF COURT**

Incredibly, after the closing of this case and after rulings on multiple post-appeal motions filed by Plaintiff, including a motion to alter judgment, a motion to remand, a motion for reconsideration, and a motion to enforce, Plaintiff continues to file. Plaintiff's most recent voluminous motion is basically a motion for reconsideration but is literally titled as follows:

> Motion to Remand Attorney's Fees and Costs for United States Merit Systems Protection Board (MSPB) Level Work Back to the MSPB Because the District Court Lacks Jurisdiction, and Motion for Reconsideration, and to Alter or Amend Judgment Under Rul 59(e), The Order at Docket No. 137 as it Relates to the Motion to Remand (Docket No. 127).

(Docket No. 138). Plaintiff is well aware of the standard for reconsideration, since this is not the first time he has filed a motion for reconsideration. As stated before in my rulings, motions for reconsideration are to be granted sparingly. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration will be granted where: (1) new evidence becomes available; (2) there has been an intervening change in controlling law; or (3) there is a need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52

F.3d 1194, 1218 (3d Cir. 1995). Plaintiff attaches to the third situation.

The basis for Plaintiff's remand request, raised for the first time, is the jurisdiction of this court to rule upon Plaintiff's request for attorney's fees at it relates to matters before the MSPB. Clearly, Plaintiff is unhappy with my fee award and now wants yet another chance to reargue his right to fees before a different tribunal. *See,* Docket No. 138. Plaintiff specifically sought, no less than 5 times, for this Court to review and issue an opinion regarding attorney's fees and costs. Therein, Plaintiff stated that the Third Circuit "specifically ruled that a district court has jurisdiction over the award of attorney's fees arising from a mixed-case that was tried before the Merit Systems Protection Board (MSPB)...." (Docket No. 116, pp. 2-3). Thus, he vigorously sought attorney's fees and costs for work performed in this case both at the MSPB level and here. (Docket No. 115, ¶45-48, 61-62). At the appropriate time, I undertook that arduous task. I determined all issues related to attorney fees and costs relevant to this case including those issues stemming from work conducted before the MSPB. Dissatisfied with my ruling on his motion for attorney fees, however, Plaintiff has filed yet another motion now suggesting that I lacked jurisdiction to rule upon his motion for attorney's fees as it relates to work performed before the MSPB and asks for this court to remand the attorney's fees issue to the MSPB. (Docket No. 138).

No doubt, jurisdiction can be raised at any time. In considering the same, I note that Plaintiff has failed to cite any statute or case that says that I do not have jurisdiction to award attorney fees for work performed at the MSPB administrative level. Rather, Plaintiff suggests that because this was an enforcement action of a back pay order of the MSPB and not an appeal of an attorney fees award (because one has not been issued yet), I do not have jurisdiction to award attorney fees for work performed at the MSPB administrative level. (Docket No. 139, pp. 2-6).

It is true that Plaintiff appealed to this court seeking the enforcement of a back-pay order of the MSPB. Indeed, I performed a *de novo* review (Docket No. 52, p. 3), at Plaintiff's suggestion

(Doc. No. 50, ¶¶22-23), of Plaintiff's back pay issues. Under the Back Pay Act ("BPA"), a district court has the authority to issue attorney fees. 5 U.S.C.A. §5595. The BPA provides that an employee who has been found to have been affected by an unjustified or unwarranted personnel action is entitled to reasonable attorney fees related to the same. 5 U.S.C.A. §5596(b)(A)(ii). My own research reveals that the regulations related to the BPA provide, however, that the employee "shall present the request [for attorney fees] to the appropriate authority from which the appeal was taken" (5 C.F.R. §550.807(a)) and that "the payment of attorney fees shall be in accordance with the standard prescribed under section 706(k) of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e-5(k))." 5 C.F.R. §550.807(e). Based on the same, I find that, in fact, the determination of whether to award attorney fees for work performed before the MSPB only should have been made to the MSPB in the first instance since it is the "authority from which the appeal was taken."

In finding the same, I must now modify my previous order awarding attorney fees to Plaintiff deleting therefrom all requests related to work performed before the MSPB. (Docket No. 124). All other findings shall remain the same. In recalculating, I find that 192.1 hours will be permitted for work performed in this court (270.4-78.3 hours disallowed) at the hourly rate of $250 for a lodestar of $48,025.00. Applying the downward adjustment of 85% found applicable to the lodestar, the adjusted lodestar for attorney fees is $7,203.75 ($48,025.00 x 15%). I also find that $811.74 in costs and expenses in this case will be permitted ($3,717.79 requested - $2,906.05 disallowed). Applying the downward adjustment of 85% to the costs, the total costs and expenses recoverable is $121.76 ($811.74x15%).

Plaintiff now asks that I remand this case to the MSPB. However, there is nothing left in this case for me to remand to the MSPB for consideration. As Plaintiff pointed out, this was an appeal seeking enforcement of an MSPB order, not an appeal of an award of attorney fees for work

3

performed before the MSPB. According to the BPA regulations, Plaintiff must present a request to the MSPB himself. 5 C.F.R. §550.807(a). Thus, it is for Plaintiff to attempt to file a petition at this juncture with the MSPB for attorney fees for work performed before it years ago on the issues related to back pay. I note, however, that the award/entitlement to back pay was made years ago and that nothing in this enforcement proceeding prevented Plaintiff from filing with the MSPB a petition for fees for work performed before the MSPB relating to back pay. In other words, Plaintiff could have, as Plaintiff calls it, "protectively filed" a petition for fees for work performed before the MSPB at any time since the entry of its award years ago. I make no comment, however, on the timeliness or any other issue with regard to a petition that may be filed before the MSPB at this point. Such issues are for the MSPB.

THEREFORE, this 24th day of June, 2010, it is ordered that my previous order of March 5, 2010 (Docket No. 124), is modified as follows: Plaintiff is awarded attorney fees in that amount of $7,203.75 instead of $19,305.00 and is awarded costs and expenses in the amount of $121.76 instead of $307.92.

It is further ordered that Plaintiff's Motion for Remand (Docket No. 138) is denied.

The case is now closed and judgment is hereby entered as set forth above.


BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States District Judge